# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILDRED BENTON, | ) |
| Plaintiff | ) ) ) |
| v. | ) **Case No.:** ) |
| ALLY FINANCIAL SERVICES, | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| Defendant | ) |

## COMPLAINT

MILDRED BENTON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLY FINANCIAL SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19121.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an office located at 500 Woodward Ave., Detroit, MI 48226.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff never gave permission to Defendant to call her cellular telephone.

12. Plaintiff never furnished Defendant with her cellular telephone number and never authorized Defendant to call her.

13. Beginning in or around early 2015, and continuing through December

2015 or January 2016, Defendant called Plaintiff on her cellular telephone.

14. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls beginning with a recording.

16. Defendant was calling Plaintiff to contact a third-party by the name of Randall Davis.

17. Plaintiff is not Randall Davis, and Randall Davis cannot be contacted by calling Plaintiff's cellular telephone.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Shortly after calls began in early 2015, Plaintiff told Defendant to stop calling her cellular telephone as she was not Randall Davis.

20. Defendant heard and acknowledged Plaintiff's request to stop calling her cellular telephone.

21. Despite this information, Defendant's calls to Plaintiff continued.

22. These calls became so invasive that Plaintiff had to download a cellular application to her telephone in order to block calls coming from Defendant.

PLAINTIFF'S COMPLAINT

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MILDRED BENTON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MILDRED BENTON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: July 17, 2017          By: /s/ Amy Lynn Bennecoff Ginsburg
                                  Amy Lynn Bennecoff Ginsburg, Esq.
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Telephone: (215) 540-8888
                                  Facsimile (215) 540-8817
                                  Email: aginsburg@creditlaw.com
                                  Attorney for Plaintiff

PLAINTIFF'S COMPLAINT